**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **DANNY TREY CROSSLAND** | **DOCKET NO. 2:25-cv-01430** |
| | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WAYNE BUSH, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaints filed pursuant to 42 U.S.C. § 1983 by plaintiff Danny Trey Crossland, who is proceeding *pro se* and *in forma pauperis* in this matter. He is currently housed at the BB Raburn Correctional Center in Angie, Louisiana. His claims arise out of incidents that occurred while he was in the custody of the Vernon Parish Sheriff's Office ("VPSO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.    BACKGROUND

Plaintiff's claims arise out of an incident that occurred on October 4, 2023. Doc. 1, p. 4. On that date, plaintiff was taken to Court and despite being told about his neurological disease that affects walking, balance and speech, the deputies placed him in handcuffs and shackles. *Id*. He tripped on the shackle chain and fell twice, allegedly injuring his neck, shoulder, arm and wrist. *Id*. The shackles were subsequently removed. *Id*. His requests to be taken to the hospital were denied. *Id*.

## II.    LAW AND ANALYSIS

### A.  Frivolity Review

Crossland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Prescription

Plaintiff filed the instant suit on September 16, 2025.  The incident complained of occurred on October 4, 2023.  Doc. 1, p. 5.

Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See Griffin v. Lavespere*, 2025 U.S. Dist. LEXIS 86646 (W.D. La. May 6, 2025).   In cases brought pursuant to Section 1983, federal courts look to state statutes of limitations to determine the applicable limitations periods. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993) (citations

2

omitted).  Louisiana's one-year prescriptive period applies to this case.[1]  "Although the expiration

of a statute of limitations (or prescription in Louisiana parlance) is an affirmative defense, a district

court is authorized to dismiss a case upon the motion of a litigant or sua sponte when it is clear

from the face of the complaint that the claims asserted are barred by the applicable statute of

limitations."  *Id. (citing Jackson v. Std. Mortg. Corp.*, 2019 U.S. Dist. LEXIS 215381, 2019 WL

6769361 at *6 (W.D. La. Dec. 11, 2019)).

As it is clear from the face of the complaint that the alleged civil rights violation occurred

nearly two years prior to the filing of the complaint, the matter is time barred and the court lacks

jurisdiction to hear and determine the merits of the claim.

**III.    CONCLUSION**

Therefore,

**IT IS RECOMMENDED** that the above civil rights matter be **DISMISSED WITH
PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response

to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed
legal conclusions reflected in this Report and Recommendation within fourteen (14) days
following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

---

[1] Louisiana adopted a two-year statute of limitations which applies to incidents occurring on or after July 1, 2024. The two-year prescriptive period is not applicable here as the alleged incidents occurred in October 2023.  *See Griffin, supra*, at *1, FN1.

3

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers this 23rd day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE